

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH:EWS/SMS
F. #2025R00435

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 15, 2026

By ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Emmanuel Clase de la Cruz et al.*
              *Criminal Case No. 25-346 (KAM)*

Dear Judge Matsumoto:

      The government respectfully submits this letter to briefly respond to the supplemental arguments raised in defendant Emmanuel Clase de la Cruz's ("Clase") motion for a bill of particulars, ECF No. 61 ("BOP Br."). As set forth in the government's letter in opposition to defendant Ortiz's motion for a bill of particulars, ECF No. 63, which the government incorporates by reference into this response, and for the additional reasons described below, the government has provided defendant Clase with sufficiently particular information to prepare his defense. The motion should be denied.

    I.    <u>Supplemental Background</u>[1]

      As the defendant's own recitation of the allegations makes clear (at BOP Br. 1–2), the government's lengthy speaking indictment describes in detail the charged scheme. Beginning in approximately May 2023, defendant Clase agreed to share advance information about pitches he would throw in upcoming Major League Baseball ("MLB") games with other individuals—including an individual identified as Bettor-1—so that those individuals (the "Bettors") could use the information to win wagers on those pitches. <u>See</u> ECF No. 1 ¶¶ 14–29. The indictment provides nine examples in which defendant Clase provided advance information about his pitches in furtherance of the fraud scheme, which the Bettors then used to win wagers on those pitches, including the dates of the subject pitches and the approximate amount that the Bettors won on each pitch. In or around June 2025, defendant Luis Ortiz Ribera ("Ortiz") joined the scheme and agreed

---

      [1]    This proffer of facts is not a complete statement of all facts and evidence of which the government is aware or will seek to introduce at trial. Unless otherwise indicated, all statements are provided in sum and substance and in part.

that he would throw two pitches in exchange for money.  See id. ¶¶ 30–40.  Defendant Clase also agreed to receive money in exchange for arranging for the two Ortiz pitches.  See id.

Throughout the indictment, the government included screenshots of video footage of several pitches, e.g., ¶¶ 16–18, 23, text messages that defendant Clase sent and received as part of the fraudulent scheme, e.g., id. ¶¶ 24, 27, and information about financial transactions that defendant Clase sent or received as part of the scheme, e.g., id. ¶¶ 21, 24.  Through discovery, defendant Clase has been provided with gambling records that include the bets by the Bettors on his pitches, financial records reflecting the distribution of proceeds from the pitches, video footage of the relevant pitches, and text and audio messages, among other evidence.

II.     The Defendants' Motions

On January 9, 2026, defendant Ortiz filed a motion for a bill of particulars.  On January 13, 2026, defendant Clase filed a separate motion for a bill of particulars.  Defendant Clase's motion both adopted the arguments raised by defendant Ortiz and also specifically demanded a bill of particulars as to two sets of overt acts in furtherance of the charged conspiracy: (1) a list of all of defendant Clase's pitches that the government alleges were discussed in advance with the co-conspirators; and (2) a list of all "coded messages" that defendant Clase sent or received as part of the criminal scheme.   Both motions should be denied.

III.    Defendant Clase's Motion for a Bill of Particulars Should Be Denied

As with defendant Ortiz's motion, defendant Clase is attempting to use a bill of particulars for an early preview of the complete set of the evidence that the government will use against him at trial.  But especially where, as here, defendant Clase is charged in a conspiracy, he is not entitled to discover through a bill of particulars "the dates of specific events that occurred in furtherance of the conspiracy," i.e., the specific pitches he discussed in advance with his co-conspirators, or a list of the specific coded messages that he sent or received during the conspiracy.  United States v. Carpenter, No. 18-CR-362 (ADS), 2018 WL 6933160, at *7 (E.D.N.Y. Dec. 28, 2018); see also United States v. Sterritt, 678 F. Supp. 3d 317, 328 (E.D.N.Y. 2023) ("The government is not required to reveal 'the manner in which it will attempt to prove the charges, the precise manner in which [either Sterritt or Straza] committed the crime[s] charged, or to give a preview of its evidence and legal theories'").

Indeed, defendant Clase's "request for information regarding 'when, to whom, or how" he committed the charged conspiracy "is exactly the type of 'wheres, whens, and with whoms' information that Courts have repeatedly rejected as 'beyond the scope of a bill of particulars.'"  Id. (citation omitted); see also United States v. Shkreli, No. 15-CR-637 (KAM), 2016 WL 8711065, at *4 (E.D.N.Y. Dec. 16, 2016) ("[R]equests for a bill of particulars, which seek the identification of specific documents relating to the indictment, or seek information that is not necessary to understand the charges or information that would reveal the Government's legal theories, are routinely denied.") (citations omitted).

The government's discovery productions in this case further undercut the defendant's argument that he cannot effectively prepare for trial without the government providing an exhaustive accounting of every subject pitch and text message that are evidence against him.

2

In fact, defendant Clase *already has* the underlying information he seeks, and he is not entitled to a proffer of exactly how the government intends to present this information at trial. Specifically, with respect to the pitches, while the defendant claims that he "threw over 2,500 pitches" during the scheme, the total number of pitches he threw is *irrelevant*. What is relevant is the significantly smaller subset of pitches he threw on which the Bettors placed fraudulent wagers. And the government has already given defendant Clase the tools to easily identify that subset: it has provided defendant Clase with a list of the identities of the Bettors, as well as the gambling data for those Bettors. These materials were produced in Microsoft Excel spreadsheets that can be easily searched for wagers on the defendant's pitches. In other words, the defendant need only filter these spreadsheets to identify the limited universe of pitches that defendant Clase threw and on which Bettors placed bets. Similarly, the government provided the defendant with searchable extractions of the defendant's own devices and those of numerous subjects of the investigation, which the defendant can also filter and search to review the relevant texts amongst co-conspirators, including text messages during the time periods immediately surrounding pitches thrown by defendant Clase on which the Bettors placed bets. Unsatisfied with the messages themselves, the defendant appears to demand a preview of which messages will feature at trial and how the government intends to argue that individual communications fit into the scheme. He is not entitled to it.

As with defendant Ortiz, the Court should deny defendant Clase's motion for a bill of particulars in full. None of the information demanded is necessary for the defendant to prepare for trial and the defendant is not entitled to an early preview of the government's trial witnesses, exhibits, and argument.

IV. Conclusion

For the foregoing reasons, the government respectfully submits that the defendant's motion for a bill of particulars should be denied.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   /s/
Eric Silverberg
Sean M. Sherman
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (KAM) (by ECF)
Defense Counsel (by E-Mail and ECF)