Request No. 1: Object of Count One (Wire Fraud Conspiracy)

The relevant statute on this subject is section 1343 of Title 18 of the United States Code. It provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime].

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;
>
> Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and
>
> Third, that in execution of that scheme, the defendant used or caused the use of interstate wires as specified in the indictment.

*First Element—Existence of a Scheme or Artifice to Defraud*

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud [the victim] of money or property by means of false or fraudulent pretenses, representations, or promises.

This first element is almost self-explanatory. A "scheme or artifice" is merely a plan for the accomplishment of an object. A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence. "Fraud" is a general term that

embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions, or suppression of the truth, or deliberate disregard for the truth. Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making false or fraudulent statements, representations, claims or documents. A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute. The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation (or failure to disclose) must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision (e.g., with respect to a proposed investment). This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a

reasonable person or investor might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case. If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

*Second Element—Participation in Scheme with Intent*

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law. "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any

other fact question. This question involves one's state of mind. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

*Third Element—Use of the Wires*

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud. The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London. (If applicable: A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.)

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud. It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call (or transfer the funds). When

one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

> **Authority**: Sand Instructions No. 44-1 (The Indictment and the Statute), 44-3 (Elements of the Offense), 44-4 (First Element—Existence of a Scheme or Artifice to Defraud), 44-5 (Second Element—Participation in Scheme with Intent), 44-7 (Third Element—Use of the Wires). *See also United States v. Dinome*, 86 F.3d 277, 283 n.5 (2d Cir. 1996) ("Because both § 1341 and § 1343 are phrased in the disjunctive ("[w]hoever, having devised ... any scheme or artifice to defraud, *or* for obtaining money or property [emphasis added]"), it may appear odd that our cases require both a scheme or artifice to defraud *and* money or property as the object of the scheme. . . . Our formulation results from the Supreme Court's determination in *McNally v. United States,* 483 U.S. 350 (1987), and *Carpenter v. United States,* 484 U.S. 19 (1987), that § 1341 "is 'limited in scope to the protection of property rights.'") (citations omitted); Sand Instruction No. 44-1, Commentary ("As a result, it is now well-accepted that a scheme to defraud must include some false statement, representation or promise.").

Request No. 2: Count Two (Honest Services Wire Fraud Conspiracy)

Count Two of the superseding indictment charges the defendants Emmanuel Clase De La Cruz and Luis Leandro Ortiz Ribera with conspiracy to commit honest services wire fraud as follows:

> In or about and between April 2025 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EMMANUEL CLASE DE LA CRUZ and LUIS LEANDRO ORTIZ RIBERA, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Cleveland Guardians and [Major League Baseball] of their intangible rights to the honest services of CLASE and ORTIZ through bribery and kickbacks, to wit: one or more payments to CLASE and ORTIZ, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Sections 1343 and 1346.

A. Elements of Conspiracy

I have already instructed you with respect to the law of conspiracy. Those same principles apply here. As a reminder, the government need not prove that the defendant you are considering actually committed the unlawful act charged as the object of the conspiracy in Count Two, in this case honest services wire fraud. Rather, in order for you to find either defendant guilty of Count Two, the government must prove the following elements beyond a reasonable doubt:

> First, that two or more persons entered into an agreement to commit honest services wire fraud, a crime I will define for you later in my instructions; and
>
> Second, that the defendant you are considering knowingly and intentionally became a member of the conspiracy.

The government alleges that the object of the conspiracy charged in Count Two was honest services wire fraud. I will instruct you on the elements of that offense shortly. I have already instructed you as to the terms "knowingly" and "intentionally" and you should apply those

instructions here. I remind you that the crime of conspiracy, an agreement to violate a law, is an independent offense. It is separate and distinct from the actual violation of any specific law, such as the law prohibiting honest services wire fraud. Accordingly, you may find a defendant guilty of the offense charged in Count Two even if you find that honest services wire fraud was never actually committed.

B. Elements of Honest Services Wire Fraud

The relevant statutes on this subject are Title 18, United States Code, Sections 1343 and 1346. Section 1343 provides, in relevant part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice [is guilty of a crime].

Section 1346 provides, in relevant part, that:

> For the purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services.

Honest services fraud is limited to schemes involving bribes or kickbacks. In order for you to find a defendant guilty of honest services wire fraud, the government must prove the following elements beyond a reasonable doubt:

> First, that the defendant knowingly devised or participated in a scheme or artifice to defraud the Cleveland Guardians or Major League Baseball by depriving them of their respective intangible rights to the honest services of an employee or person in a relationship that gives rise to a fiduciary duty through bribery or kickbacks;
>
> Second, that the defendant acted knowingly, intentionally, and with the specific intent to defraud;
>
> Third, the scheme or artifice to defraud involved a material misrepresentation, omission, false statement, false pretense, or concealment of fact; and
>
> Fourth, that in advancing, or furthering, or carrying out the scheme to defraud, the

defendant transmitted, or caused to be transmitted, any writing, signal or sound by means of an interstate or international wire communication.

1. First Element

The first element of honest services wire fraud is that the defendant you are considering knowingly devised or participated in a scheme or artifice to defraud the Cleveland Guardians or Major League Baseball of its intangible right of honest services.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false pretenses, suggestions, or suppression of the truth. A "scheme to defraud" includes one to defraud the Cleveland Guardians or Major League Baseball by depriving them of their respective intangible rights to the honest services by an employee or person in a relationship that gives rise to a fiduciary duty—that is, where the person owes a duty of honest and loyal service to the organization he works for; in other words, where there is a trusting relationship in which the person acts for the benefit of that organization and the organization relied on the individual to carry out his job duties for the benefit of the organization.

Whether the defendants had a fiduciary duty to the Cleveland Guardians or Major League Baseball, the source of that fiduciary duty, and what that fiduciary duty required or prohibited, is a question of fact for you to determine. In determining the source and scope of a fiduciary duty, you may not take into consideration general moral or ethical beliefs.

A "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Thus, to find a defendant guilty of this offense, you have to find that the defendant was involved in a fraudulent scheme to deprive the Cleveland Guardians or Major League Baseball of honest services through bribes or kickbacks. Bribery and kickbacks involving the exchange of a

thing or things of an official action, in other words, a quid pro quo, a Latin term that means "this for that."

To prove a quid pro quo, the government must prove beyond a reasonable doubt that the defendant you are considering obtained a thing of value in exchange for the promise or performance of an official act. In other words, the government must prove that a bribe was sought or received by the defendant, directly or indirectly, in exchange for the promise or performance of an official action.

A quid pro quo must be explicit—that is, it must be clear and unambiguous. But, at the same time, the government doesn't have to prove that the agreement was express or stated, as a quid pro quo can be implied from words or actions. The government is not required to prove an explicit promise to perform certain acts at the time of payment. The government must, however, prove beyond a reasonable doubt that any promise or agreement preceded any official act that the defendant allegedly took.

The action for which the defendant was paid a bribe or kickback to perform must have been an official action, in other words, something falling within the scope of each defendant's respective employment or relationship that gives rise to a fiduciary duty. Here, the government alleges that the defendants solicited or accepted bribes or kickbacks from one or more sports bettors in exchange for agreeing to throw certain types of pitches during Cleveland Guardians games. It is up to you to determine whether throwing certain types of pitches constitutes official actions falling within the scope of a Major League Baseball player's employment or relationship that gives rise to a fiduciary duty.

It's important to understand, however, that not all payments made in connection with an official act are illegal. A payment that serves as a reward for some future act that an individual

will take, or has determined to take, or for a past act that the official has already taken is not a bribe.

If you find that a defendant received a payment as a reward for an official act, but that official act occurred before the payment was agreed to, then you must find the defendant not guilty of this charge.

2. Second Element

The second element of honest services wire fraud is that the defendant you are considering participated in the scheme to defraud knowingly, intentionally, and with a specific intent to defraud. The definitions of "knowingly," "intentionally," and "intent to defraud" here are the same as the definitions that I gave you earlier. Whether a person acted knowingly, intentionally, and with intent to defraud is a question of fact for you to determine, like any other fact question. The question involves somebody's state of mind.

Because an essential element is intent to defraud, it follows that good faith on the part of a defendant is a complete defense. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. A defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith. Even false representations or statements, or omissions of material facts do not amount to a fraud unless done with fraudulent intent.

The government is not required to show that the defendant performed, or promised to perform, an act solely because of the bribe or kickback. All that is required is that the defendant performed, or promised to perform, the act in question at least in part because of the potential bribe or kickback.

In sum, in order to prove honest services wire fraud, the government must prove that the defendant you are considering knew that his conduct as a participant in the scheme was calculated to defraud, but nonetheless participated in the alleged fraudulent scheme for the purpose of depriving an organization of the honest services of at least one individual who owed a fiduciary duty to such organization.

3. <u>Third Element</u>

The third element the government must prove beyond a reasonable doubt is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact. The definition of "material" is the same as the definition that I gave you earlier.

Here, the government alleges that the defendants failed to disclose to the Cleveland Guardians and Major League Baseball that they received payments from bettors in exchange for agreeing to throw certain types of pitches during Cleveland Guardians games. According to the government, that nondisclosure was material. It is up to you to determine whether the government has proven the element of materiality.

4. <u>Fourth Element</u>

The fourth and final element that the government must establish beyond a reasonable doubt is that interstate or international wire communications were used in furtherance of the scheme to defraud, which is the same instruction that I gave you earlier with respect to Count One.

It is not necessary for the defendant you are considering to directly or personally use any wire facility, or cause any wire, as long as such use is reasonably foreseeable in the execution of the alleged scheme to defraud. In this regard, it would be sufficient to establish this

element of the crime if the evidence justifies a finding that the defendant you are considering caused or expected the wires to be used by others, and this does not mean that the defendant himself must have specifically authorized others to use a wire facility. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

The use of the wire need not be fraudulent. The material wired need not contain any fraudulent representation. It doesn't even have to involve any request for money. The use of the wires, however, must further or assist in carrying out the scheme to defraud. If you find that the wire was reasonably foreseeable and that the interstate wire use charged in the superseding indictment took place, then this element is satisfied even if it was not foreseeable that the wire would cross state or national lines.

**Authority**: Adapted from the charges in *United States v. Sun*, 24-CR-346 (BMC) (E.D.N.Y.) and *United States v. Menendez, et. al*, No. 23-CR-490 (SHS) (S.D.N.Y.).

Request No. 3: Count Three (Sports Bribery Conspiracy)

The relevant statute on this subject is Title 18, United States Code, Section 224, which provides, in relevant part, that:

> Whoever carries into effect, attempts to carry into effect, or conspires with any other person to carry into effect any scheme in commerce to influence, in any way, by bribery any sporting contest, with knowledge that the purpose of such scheme is to influence by bribery that contest, [is guilty of a crime].

In order for you to find a defendant guilty of influencing sporting contests by bribery, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant willfully carried into effect or attempted to carry into effect a scheme or plan to influence, in any way, by bribery a sporting contest;

Second, the defendant knew the purpose of such scheme was to influence, in any way, by bribery that sporting contest; and

Third, the scheme was effectuated in whole or in part through the use in interstate or foreign commerce any facility for transportation or communication.

For purposes of this instruction, the term "bribery" means the giving, offering, or promising of money or something else of value to a participant in a sporting contest in exchange for that participant's agreement to influence that contest. A bribe requires a corrupt agreement or understanding; the government must prove that something of value was given, offered, or promised, or agreed to be exchanged, in return for the participant's agreement to influence the contest. A payment, gift, or other thing of value provided for some other reason, or without any agreement to influence the sporting contest, is not bribery. The term "sporting contest" means any contest in any sport, between individual contestants or teams of contestants (without regard to the amateur or professional status of the contestants therein), the occurrence of which is publicly announced before its occurrence.

Evidence that a person placed a wager on a sporting contest, or on an event that occurred during a sporting contest, or profited from such a wager, does not by itself establish this element.

If you find that the pitch at issue would have been thrown in the same manner, and would have resulted in the same outcome, regardless of any agreement or payment, meaning that no bribe or agreement changed how the pitch was thrown or what happened on it, then no bribe influenced that sporting contest and the government has not proved this element.

> **Authority**: 18 U.S.C. § 224; *United States v. Zacher*, 586 F.2d 912, 914 (2d Cir. 1978) ("Common law bribery has been defined as 'the voluntary giving or receiving of anything of value in corrupt payment for an official act done or to be done or with the corrupt intent to influence the action of a public official or of any other person professionally concerned with the administration of public affairs.'") (citation omitted); *United States v. Ganim*, 510 F.3d 134, 149 (2d Cir. 2007) (finding no error in jury instruction that "[t]he term 'bribe' means a corrupt payment that a public official accepted or agreed to accept with the intent to be influenced in the performance of his or her public duties. A bribe requires some specific *quid pro quo*, a Latin phrase meaning this for that or these for those, that is, a specific official action in return for the payment or benefit. If the public official knows that he or she is expected as a result of the payment to exercise particular kinds of influence or decision making to the benefit of the payor, and, at the time the payment is accepted, intended to do so as specific opportunities arose, that is bribery.")

.

Request No. 4: Fourth Element of Object of Money Laundering Conspiracy

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

If you find that the evidence establishes beyond a reasonable doubt that the defendant knew of the purpose of the particular transaction in issue, and that he knew that the transaction was either designed to conceal or disguise the true origin of the property in question, then this element is satisfied.

However, if you find that the defendant knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question, but instead thought that the transaction was intended to send money to a friend or family member, you must find that this element has not been satisfied and find the defendant not guilty.

**Authority**: Sand Instruction No. 50A-10 (Third Element—Knowledge That Transaction Was Designed to Conceal Origin of Property)

Request No. 5: Witnesses Requiring Special Caution

You have heard witnesses who testified that they were actually involved in planning and carrying out the crime(s) charged in the indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony? In sum,

you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

**Authority**: Sand Instruction No. 7-5 (Accomplices Called by the Government)

Request No. 6: Venue

For each count, you must also decide whether the government has proved venue. Venue means the place where a crime may be tried. The Constitution requires that a defendant be tried in the district where the crime was committed. This trial is taking place in the Eastern District of New York, which consists of counties of Kings, Queens, Richmond, Nassau and Suffolk.

Each count separately. You must decide venue separately for each count and separately for each defendant. A finding that venue is proper on one count, or as to one defendant, does not decide venue on any other count or for any other defendant.

Burden and standard of proof. The government must prove venue in the Eastern District of New York by a preponderance of the evidence. To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. This standard is lower than proof beyond a reasonable doubt, which applies to the elements of each offense. The defendant has no burden to prove anything about venue.

What establishes venue for a conspiracy count. For Counts One, Two and Three, venue is proper in the Eastern District of New York only if the Government proves that the defendant entered into the charged conspiracy while in the Eastern District of New York. For Count Four, venue is proper in the Eastern District of New York only if the Government proves that (a) the defendant entered into the charged conspiracy while in the Eastern District of New York, or (b) that a member of the conspiracy committed an act in furtherance of the conspiracy in the Eastern District of New York. An act does not establish venue if it was merely preparatory to the offense, or so anterior and remote from the offense that it was not part of it, rather than an act done in furtherance of the conspiracy charged in that count.

Reasonable foreseeability to the defendant himself. Additionally, there must be some sense that the defendant himself chose this District as a place where the alleged crime would be carried out, at least by reasonably foreseeing that conduct in furtherance of the conspiracy would take place here. Venue may not rest on activity in this District that was merely incidental to the conspiracy, or that came about without any connection to the defendant's own conduct or reasonable expectations. Therefore, if the government relies on an act committed in this District by someone other than the defendant, that act may support venue against the defendant only if the government also proves that the defendant himself knowingly caused such an act to occur in this District, or that it was reasonably foreseeable to the defendant himself that such an act would occur in this District. You must make this finding as to the particular defendant whose case you are considering, based on the evidence about what that defendant knew or reasonably should have foreseen. That another person acted in this District is not, by itself, enough to establish venue against the defendant. It is also not enough that the act was foreseeable to some other member of the alleged conspiracy.

If you find that the government has not proved by a preponderance of the evidence that venue is proper in the Eastern District of New York for a count, as I have just described, you must find the defendant not guilty of that count, even if you would otherwise find that the government proved every element of that offense beyond a reasonable doubt.

**Authority**: *United States v. Davis*, 689 F.3d 179, 185 (2d Cir. 2012) ("venue need be proved only by a preponderance of the evidence"); *United States v. Tzolov*, 642 F.3d 314, 318 (2d Cir. 2011) ("[v]enue is proper only where the acts constituting the offense—the crime's 'essential conduct elements'—took place.") (citing *United States v. Rodriguez–Moreno*, 526 U.S. 275, 280 (1999)); *United States v. Ramirez*, 420 F.3d 134, 141 (2d Cir. 2005) ("Whether the crime be continuing or non-continuing, . . . venue is not proper in a district in which the only acts performed by the defendant were preparatory to the offense and not part of the

offense.") (citation omitted); *United States v. Tang Yuk*, 885 F.3d 57, 69-70, 72 (2d Cir. 2018) (where venue premised on a co-conspirator's in-District act, venue must be "reasonably foreseeable" to each defendant for each offense); 18 U.S.C. § 1956(i)(2).